# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-60855

JOSEPH W. BLACKSTON, M.D., J.D.

                              Plaintiff - Appellant

v.

WEXFORD HEALTH SOURCES INC.

                              Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:07-CV-00123

Before KING, GARZA, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Joseph Blackston appeals the summary judgment granted against him in his § 1981 racial discrimination case. We REVERSE that portion of the judgment.[1]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Blackston concedes that the district court's disposition of his Title VII claim on procedural grounds was proper. We affirm that portion of the judgment. We also conclude that Blackston sufficiently raised the substance of his appeal of the § 1981 claim disposition in his opening brief to avoid a waiver of that claim. We also note that Title VII precedents apply to § 1981 claims because the substantive elements of those claims "are identical." *Pratt v. City of Houston*, 247 F.3d 601, 606 n.1 (5th Cir. 2001).

Blackston, a white male, was employed by a medical staffing contractor (CMS) which provided medical directors to the Mississippi Department of Corrections (MDOC). In that capacity, he worked as the medical director at Central Mississippi Correctional Facility. When MDOC failed to renew CMS's contract at the correctional facility, Blackston approached Defendant-Appellee Wexford Health Sources, Inc., to inquire about continuing in his then-current capacity as a medical director. He averred – and for purposes of reviewing a summary judgment we take as true – that Wexford told him he could not be hired because he was white and MDOC was looking for a black candidate for the position.

Blackston sued. The trial court granted summary judgment to Wexford, concluding that the "burden-shifting" analysis of *McDonnell-Douglas*[2] applied because the evidence showed only an "inference" of discrimination. It also concluded that Wexford's stated reasons for not hiring Blackston (because he was not a "good fit"[3] and because Dr. Kentrell Liddell, a black female in a supervisory role at MDOC, told Wexford not to hire Blackston) were sufficient to rebut this "inference" of discrimination. This appeal ensued.

Our standard of review, of course, is de novo. *Condrey v. SunTrust Bank of Ga.,* 429 F.3d 556, 562 (5th Cir. 2005) ("This court reviews a district court's grant of summary judgment de novo, applying the same legal standards as the district court.").

We conclude that evidence that someone was told he could not be hired for or retained in a position because of his race is direct evidence of discrimination.

---

[2] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

[3] Because of our disposition of this case, we need not decide whether the "good fit" reason is a "legitimate, non-discriminatory" reason for Blackston's non-retention. *See Patrick v. Ridge*, 394 F.3d 311, 317 (5th Cir. 2004) (holding that stating that someone does not "fit in" is not evidence of non-discrimination).

*Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 992 (5th Cir. 2005). It is not necessary that Blackston show some type of hatred or ill-will by Wexford towards people of his race in order for this case to be considered as one involving direct evidence. *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 668-69 (1987) (holding that liability for intentional discrimination under § 1981 requires only that decisions be premised on race, not that they be motivated by racial hostility or animus).

Thus, the district court erred in applying the *McDonnell-Douglas* approach. Instead, this case is governed by *Jones*, *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989) (as modified by the Civil Rights Act of 1991, Pub. L. No. 102-166, § 107, 105 Stat. 1071, 1075–76), and *Fabela v. Socorro Independent School District*, 329 F.3d 409 (5th Cir. 2003). Under these precedents, Blackston's testimony that he was told he was not hired because of his race was sufficient to defeat summary judgment. The affidavit of Wexford's Chief Medical Officer, Dr. Lundquist, purporting to state legitimate reasons for the failure to hire Blackston is insufficient to support summary judgment for Wexford in this direct evidence case. *See Fabela*, 329 F.3d at 417 ("[P]roviding unrebutted evidence of a legitimate reason for the adverse employment decision is not sufficient to secure summary judgment under the direct evidence calculus.").[4]

Accordingly, we AFFIRM the district court's judgment as to the Title VII claim; we REVERSE the district court's judgment as to the § 1981 claim and REMAND for trial.

---

[4] We need not decide whether there *ever* can be a summary judgment for a defendant in a direct evidence case because, in this case, it is clear that summary judgment was not proper.